United States District Court
Southern District of Texas
**ENTERED**
September 19, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CHARLES EDWARD HUTCHINS,   § | |
| *Petitioner*,   § | |
| § | |
| v.   § | CIVIL ACTION NO. 4:15-CV-3770 |
| § | |
| LORIE DAVIS,   § | |
| Director of the Texas Department of   § | |
| Criminal Justice, Correctional   § | |
| Institutions Division,   § | |
| *Respondent*.   § | |

**MEMORANDUM AND RECOMMENDATION**

This petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 has been referred to this magistrate judge for report and recommendation by District Judge Lynn Hughes (Dkt. 8). The court previously ordered Respondent Davis to answer the habeas petition (Dkt. 11) and Davis timely filed a motion to dismiss (Dkt. 14). After reviewing the record, the court recommends that the petition be denied as time-barred.

**Background**

Hutchins' pleaded guilty to (1) robbery and (2) burglary of a building. Dkt. 1 at 2. He is currently serving a 40 year sentence delivered by the 75th Judicial District Court of Liberty County on December 27, 1991. Hutchins' conviction became final when his time for seeking an appeal from the state conviction expired in 1992. The one-year statute of limitations under the AEDPA expired in 1997, absent statutory or equitable tolling. Hutchins filed a state habeas application in October 1994 that was denied in 1995. Because his state habeas application was filed years before the AEDPA was effective, it

1

did not toll the applicable limitations period. Hutchins filed this federal habeas petition on November 7, 2015, almost 20 years after the application period expired. Dkt. 3-1.

## Analysis

Hutchins has not presented grounds for equitable tolling of the one-year limitation. His §2254 application alleges that equitable tolling should apply because he (1) is actually innocent, (2) lacked the requisite knowledge to timely pursue habeas relief, and (3) was denied assistance of counsel while incarcerated. Dkt. 3.

Hutchins does not provide grounds for a claim of actual innocence; rather, he describes insufficient evidence to sustain the conviction. Dkt. 4 at 9-11. In order to overcome the one-year limitation, Hutchins "must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 536-37 (2006). Hutchins fails to meet that standard. He presents no new evidence or information that was not available to him twenty years ago when his conviction became final.

In regard to Hutchins' second assertion, the Fifth Circuit has consistently held that a habeas petitioner's ignorance or mistake of law is insufficient to warrant equitable tolling of the habeas limitations period. *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002).

Hutchins' third contention is that the one-year limitation should be tolled because he was denied counsel while incarcerated. However, there is no constitutional right to counsel associated with federal habeas corpus relief unless the petitioner is on death row.

*See* 18 U.S.C. §3599. The court recommends that petitioner's claim be denied with prejudice as time-barred.

## Conclusion

The court further finds that Hutchins has not made a substantial showing that he was denied a constitutional right or that it is debatable whether this court is correct in a procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, the court recommends that a certificate of appealability not issue.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. Failure to file timely objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72.

Signed at Houston, Texas on September 19, 2016.

Stephen Wm Smith
United States Magistrate Judge